UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Mandell Kemp, #276921 *a/k/a Travis Kemp,* | ) C/A No. 8:09-2416-TLW-BHH ) ) |
| Plaintiff, | ) REPORT AND RECOMMENDATION ) *for summary dismissal* |
| vs. | ) *of four defendants* ) |
| B. Lee Miller, Judge; Nick Futch, Narcotics; Travis Anderson, Narcotics; Erick Lewis, Narcotics; Major Anderson, Greenwood County Detention Center; Nurse McFatten, Greenwood County Detention Center; and Cpt. Milaton, Greenwood County Detention Center, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Introduction

The plaintiff, Travis Mandell Kemp ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution,

a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action

*in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name several

employees of governmental entities as defendants.[2] Plaintiff appears to sue several

employees of the Greenwood County Detention Center (Major Anderson, Nurse McFatten,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

and Cpt. Milaton) for their alleged deliberate indifference to his serious medical need.[3]

Also, Plaintiff appears to sue several narcotics officers involved with his arrest (Nick Futch, Travis Anderson, and Erick Lewis) and a State judge (B. Lee Miller) for violation of Plaintiff's Constitutional right to not have excessive bail imposed. Plaintiff seeks money damages and injunctive relief. The defendants Nick Futch, Erick Lewis, and Travis Anderson should be dismissed from this lawsuit for failure to state a claim on which relief may be granted, and B. Lee Miller should be dismissed from this lawsuit based upon immunity.

<u>Pro Se</u> Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state

---

[3] Plaintiff's cause of action related to the alleged deliberate indifference to his serious medical need is *not* discussed in this report and recommendation. In an order entered contemporaneously with this report and recommendation, service of process is authorized upon defendants Major Anderson, Nurse McFatten, and Cpt. Milaton.

a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Factual Background

Plaintiff alleges that on January 9, 2009, he was arrested and incarcerated in the Greenwood County Detention Center ("GCDC"). (Pet. at 3) He alleges that as of August 31, 2009, he was still incarcerated at the GCDC. *Id.* It appears that Plaintiff was convicted in the Greenwood County Court of General Sessions on or about September 1, 2009, for trafficking in cocaine and that he received a five-year sentence. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 276921) (last visited Sept. 25, 2009).[4] It also appears that Plaintiff was committed to the custody of SCDC on September 1, 2009, and that Plaintiff's "sentence start date" was determined to be January 10, 2009. *Id.*

Plaintiff alleges that his bond was originally set at $250,000 by defendant Miller, and Plaintiff could not "make" that bond. (Pet. at 3) Liberally construed, Plaintiff alleges that defendants Lewis, Futch, and Travis Anderson requested that defendant Miller set a "high" bond. *Id.* Plaintiff alleges that on April 10, 2009, he had a bond reduction hearing and that

---

[4] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

a different judge, Judge Cater, did reduce his bond to $150,000. *Id.* However, Plaintiff still

could not "make" that bond either. *Id.* Plaintiff alleges that his bond was "unfair and

unreasonable" and "excessively high," and, liberally construed, Plaintiff claims that

defendants Miller, Futch, Lewis, and Travis Anderson violated his Eighth Amendment

Constitutional right by failing to set and request a reasonable bond. Plaintiff seeks

$500,000 in damages and that a restraining order be entered against the defendants. (Pet.

at 5) Plaintiff also requests that his "pending charges" be dismissed and that he be

released from incarceration.[5] *Id.*

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443

U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been

deprived of a federal right under the color of state law to seek relief." *City of Monterey v.

Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under

§ 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48

(1988).

---

[5] In his complaint, Plaintiff also alleged facts against defendants Major Anderson, Nurse
McFatten, and Cpt. Milaton related to the medical treatment of Plaintiff's allergic condition.
These facts are **not** recited herein because this report and recommendation does not apply
to those defendants. In an order entered contemporaneously with this report and
recommendation, service of process is authorized upon defendants Major Anderson, Nurse
McFatten, and Cpt. Milaton.

For several reasons, Plaintiff's complaint does not allege a cognizable claim against

defendants Nick Futch, Erick Lewis, and Travis Anderson. It appears that Plaintiff has now

been convicted in State court of a criminal offense, trafficking in cocaine, and Plaintiff has

been sentenced and committed to the custody of SCDC. Thus, Plaintiff's request for a

reasonable bond is moot.

> Mootness questions often arise in cases involving inmate challenges to
> prison policies or conditions, and courts . . . have held that the transfer of an
> inmate from a unit or location where he is subject to the challenged policy,
> practice, or condition, to a different unit or location where he is no longer
> subject to the challenged policy, practice, or condition moots his claims for
> injunctive and declaratory relief. . . .

*Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007), *cert. denied,* 128 S. Ct. 2056

(2008). "'The doctrine[ ] of mootness . . . originate[s] in Article III's 'case' or 'controversy'

language, no less than standing does.'" *Id.* at 286 (citation omitted). "Because the

requirement of a continuing case or controversy stems from the Constitution, it may not be

ignored for convenience's sake." *Id.* Because Plaintiff is no longer imprisoned at the

detention center on an allegedly excessive bond allegedly secured by defendants Futch,

Lewis, and Travis Anderson, then Plaintiff does not allege a live case or controversy

against those defendants. *See Bilal v. Hadi*, No. 3:06CV224/LAC/MD, 2006 WL 3201324

at *2 (N.D. Fla. Nov. 2, 2006) (in a habeas case, noting that the challenge to excessive

pretrial bail is moot upon a criminal defendant's plea or conviction); *Lindsay v. City of*

*Beeville*, No. C-07-68, 2008 WL 179103 at * 5 (S.D. Tx. Jan. 17, 2008) (where the criminal

charges were dismissed, a plaintiff could later bring a § 1983 claim challenging the

excessive bail). *Cf. Hernandez v. Carbone*, 567 F.Supp.2d 320, (D. Conn. 2008) (finding

that injunctive relief from the unconstitutional excessive bail was moot because the plaintiff

was no longer detained, but analyzing the merits of a § 1983 claim for money damages based upon excessive bail).

Additionally, it appears that Plaintiff was given credit for the time he had served in the detention center toward his sentence to be served in SCDC.  Plaintiff was sentenced for his crime and committed to the custody of SCDC on September 1, 2009, and it appears that Plaintiff's "sentence start date" was determined to be January 10, 2009, which was approximately the date of Plaintiff's incarceration at the GCDC.  Thus, Plaintiff's requests for damages based upon the time he spent in the detention center, that the State charges against him be dismissed, and that he be released from incarceration, are barred by the doctrine in *Heck v. Humphrey,* 512 U.S. 477 (1994).  The Supreme Court has held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.  *Id.*

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement).  The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate

7

that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). A favorable determination on the merits of Plaintiff's claim related to his excessive bond would imply that Plaintiff's time spent in the detention center was unlawful and that Plaintiff's State sentence was invalid. Also, if this court granted Plaintiff's request to dismiss the State charges against him, that would imply that the State conviction was unlawful. Plaintiff does not allege that he has successfully obtained a reversal of his State conviction or sentence for trafficking in cocaine. Thus, this complaint should be dismissed as to defendants Futch, Lewis, and Travis Anderson.

Plaintiff's complaint should also be dismissed as to defendant Miller. Defendant Miller is alleged to have been the judge who set Plaintiff's bond at $250,000. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation

8

omitted).  State and federal judges are also immune to requests for injunctive relief.  *See*

*Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir.

2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  *See also* 42 U.S.C. § 1983

(limiting when injunctive relief may be granted against a judicial officer).  Immunity presents

a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute

immunity is "an immunity from suit rather than a mere defense to liability."  *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985).  Defendant Miller's determination of the amount of a

bond for an accused criminal defendant would have been part of his normal judicial

functions as a judge.  Even liberally construing the complaint in Plaintiff's favor, defendant

Miller's actions were not taken in the clear absence of all jurisdiction.  Thus, defendant

Miller should be summarily dismissed from this action based upon immunity.

Finally, although Plaintiff seeks release from incarceration, release from prison is not

available in this civil rights action.[6]  *See Heck*, 512 U.S. at 481 (stating that "habeas corpus

is the exclusive remedy for a state prisoner who challenges the fact or duration of his

confinement and seeks immediate or speedier release, even though such a claim may

come within the literal terms of § 1983").


Recommendation

Accordingly, it is recommended that the District Court summarily dismiss **only the**

**defendants B. Lee Miller, Judge; Nick Futch, Narcotics; Travis Anderson, Narcotics;**

---

[6] To the extent Plaintiff seeks to vacate his State conviction for trafficking in cocaine, that is more appropriate for a 28 U.S.C. § 2254 habeas action.  Plaintiff can obtain a blank federal § 2254 habeas form from the Clerk of Court if he desires to file a habeas action.

**and Erick Lewis, Narcotics;** from this lawsuit *without prejudice* and without issuance and

service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v.*

*Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing,

district courts should review prisoner cases to determine whether they are subject to

summary dismissal).

s/Bruce Howe Hendricks
United States Magistrate Judge

September 30, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P. O. Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985)