UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Travis Mandell Kemp, #276921 <br> *a/k/a Travis Kemp,* | ) | C/A No. 8:09-2416-TLW-BHH |
|---|---|---|
| Plaintiff, | ) ) ) | REPORT AND RECOMMENDATION <br> *for summary dismissal* |
| vs. | ) | *of defendant Miller* |
| B. Lee Miller, Judge; <br> Nick Futch, Narcotics; <br> Travis Anderson, Narcotics; <br> Erick Lewis, Narcotics; <br> Major Anderson, Greenwood County Detention Center; Nurse McFatten, Greenwood County Detention Center; and Cpt. Milaton, Greenwood County Detention Center, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Introduction

The plaintiff, Travis Mandell Kemp ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] It appears that Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The complaint appears to name several employees of governmental entities as defendants.[3]

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] At the time he filed the complaint, Plaintiff apparently was a detainee in the Greenwood County Detention Center.

[3] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

Plaintiff appears to sue several employees of the Greenwood County Detention Center (Major Anderson, Nurse McFadden a/k/a McFatten, and Capt Middleton a/k/a Cpt. Milaton) for their alleged deliberate indifference to his serious medical need.[4] Also, Plaintiff appears to sue several narcotics officers involved with his arrest (Nick Futch, Travis Anderson, and Erick Lewis) and a State judge (B. Lee Miller) for violation of Plaintiff's constitutional right to not have excessive bail imposed. The defendant B. Lee Miller should be summarily dismissed from this lawsuit based upon immunity.[5]

On September 30, 2009, this court entered a previous Report and Recommendation that defendant Miller should be dismissed based upon immunity and that defendants Nick Futch, Narcotics, Travis Anderson, Narcotics, and Erick Lewis, Narcotics should be dismissed for failure to state a claim on which relief may be granted. *See* Docket Entry # 12. Plaintiff filed objections to the Report and Recommendation on November 3, 2009, and on December 21, 2009, the Honorable District Judge Wooten *declined to accept the previous Report and Recommendation and remanded for further consideration in light of additional filings.* *See* Docket Entries # 15, 33. Notably, in the previous Report and

---

governmental entity."

[4] Plaintiff's cause of action related to the alleged deliberate indifference to his serious medical need is *not* discussed in this report and recommendation. In an order entered on September 30, 2009, service of process was authorized upon defendants Major Anderson, Nurse McFadden a/k/a McFatten, and Capt. Middleton a/k/a Cpt. Milaton, and it appears that service of process was accomplished as to each of those defendants on October 27, 2009. *See* Docket Entry # 17. Each of those three defendants are currently represented by counsel in this action.

[5] Contemporaneously with this report and recommendation, this court enters an order to authorize service of process upon the defendants Nick Futch, Narcotics, Travis Anderson, Narcotics, and Erick Lewis, Narcotics.

2

Recommendation, this court had set forth several factual statements, which were apparently incorrect, related to Plaintiff's status as a detainee or prisoner. Accordingly, now that Plaintiff has clarified his incarceration status and dates of convictions and because this action was remanded for further consideration in light of additional filings, this Report and Recommendation is entered.

<u>*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

4

Factual Background

Plaintiff alleges that on January 9, 2009, he was arrested on a charge of distribution of cocaine within the proximity of a playground and incarcerated in the Greenwood County Detention Center ("GCDC"). (Pet. at 3) (Obj. at 2) He alleges that as of August 31, 2009, he was still incarcerated at the GCDC. (Pet. at 3) Plaintiff alleges that as of the date he signed his objections on November 1, 2009, he was still detained at the Greenwood County Detention Center on the charge of distribution of cocaine within the proximity of a playground. (Obj. at 3-4) In his objections, Plaintiff explained that between January 9, 2009, and November 1, 2009, he did leave the detention center to serve approximately three (3) weeks incarceration in the South Carolina Department of Corrections for the violation of his two (2) years of community supervision which stemmed from a 2004 drug trafficking conviction. (Obj. at 4)

On November 16, 2009, the Clerk of Court received a letter from Plaintiff. *See* Docket Entry # 18. Therein, Plaintiff appears to explain that on November 4, 2009, he was convicted and sentenced on the charge related to distribution of cocaine within the proximity of a playground and sent to SCDC on November 10, 2009.[6] *Id.* Plaintiff appears

---

[6] It appears from a website that Plaintiff was convicted in the Greenwood County Court of General Sessions on or about November 10, 2009, for distribution of cocaine second offense and that he received a ten-year sentence which began on January 9, 2009. *See* South Carolina Department of Corrections Homepage, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 276921) (last visited Dec. 29, 2009).

The court may take judicial notice of factual information located in postings on governmental websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) (noting that some

to continue to request $500,000 in damages related to the alleged violation of his constitutional right to not have excessive bail imposed. *Id.* However, because Plaintiff has now been convicted on the charge, he appears to abandon his request for relief that this court order a dismissal of the State charge for distribution of cocaine within the proximity of a playground.[7] *Id.*

Plaintiff appears to allege that his bond was originally set at $250,000 by defendant Miller, and Plaintiff could not "make" that bond. (Pet. at 3) (Obj. at 2) Liberally construed, Plaintiff alleges that defendants Lewis, Futch, and Travis Anderson conspired to request that defendant Miller set an excessively high bond. *Id.* Plaintiff alleges that on April 9 or 10, 2009, he had a bond reduction hearing and that a different judge, Judge Cater, did reduce his bond to $150,000. *Id.* However, Plaintiff still could not "make" that bond either. (Pet. at 3) Plaintiff alleges that his bond was "unfair and unreasonable" and "excessively high," and, liberally construed, Plaintiff claims that defendants Miller, Futch, Lewis, and Travis Anderson violated his Eighth Amendment constitutional right by failing to set and request a reasonable bond.[8]

## Discussion

---

courts have found postings on government websites as inherently authentic or self-authenticating).

[7] In Plaintiff's original complaint, he had requested money damages and injunctive relief.

[8] In his complaint, Plaintiff also alleged facts against defendants Major Anderson, Nurse McFadden a/k/a McFatten, and Capt Middleton a/k/a Cpt. Milaton related to the medical treatment of Plaintiff's allergic condition. These facts are **not** recited herein because this report and recommendation does not apply to those defendants.

6

Plaintiff's complaint should be dismissed as to defendant Miller.  Defendant Miller is alleged to have been the State judge who set Plaintiff's bond at $250,000.  Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."  *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted).  State and federal judges are also immune to requests for injunctive relief.  *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).  *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question.  *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).  Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Defendant Miller's determination of the amount of a bond for an accused criminal defendant would have been part of his normal judicial

7

functions as a judge. Even liberally construing the complaint in Plaintiff's favor, defendant Miller's actions were not taken in the clear absence of all jurisdiction. Thus, defendant Miller should be summarily dismissed from this action based upon immunity.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court summarily dismiss **only the defendant B. Lee Miller** from this lawsuit *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).


s/Bruce Howe Hendricks
United States Magistrate Judge

January 5, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).