IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Mandell Kemp, a/k/a Travis Kemp, | C/A No.: 1:09-2416-TLW-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Nick Futch, Travis Anderson, Erick Lewis, Major Anderson, Nurse McFatten, and Captain Milaton, | |
| Defendants. | |

At the time of the matters alleged in the Complaint, Plaintiff was an inmate with the Greenwood County Detention Center ("GCDC"). Plaintiff has since been transferred to custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging various claims of violations of his constitutional rights.

Before the court are the following motions: (1) Defendant McFadden's Motion for Summary Judgment [Entry #47]; (2) Defendants Major Anderson and Middleton's Motion for Summary Judgment [Entry #55]; (3) Plaintiff's Motions to Amend the Complaint [Entries #65, 66]; and (4) Defendants Travis Anderson, Lewis, and Futch's Motion for Summary Judgment [Entry #76].[1]

---

[1] Defendant Nurse McFadden was improperly named as Nurse McFatten and Defendant Middleton was improperly named as Captain Milaton.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions for summary judgment are dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff was arrested on January 9, 2009 on the charge of Distribution of Cocaine. (Arrest Warrant at #15-1). Plaintiff's complaint alleges, generally, that during his appearance at bond court, Narcotics Officer Travis Anderson requested a high bond on behalf of himself and Narcotics Officers Lewis and Futch (collectively "Police Defendants"). (Compl. 3). Plaintiff also alleges that on or about July 15, 2009, he saw Nurse McFadden at sick call because he was breaking out in hives. He complains generally about the medical care he was provided by Nurse McFadden. Additionally, he alleges that an unnamed doctor at GCDC "prescribed" that he "take constant showers as needed" to help the hives. (Compl. 4). Plaintiff further alleges that on or about August 19, 2009, he was moved to B-unit, which is on lock-down, and Defendants Anderson and Milaton prohibited Plaintiff from taking showers after certain times of night. *Id.* In his request for relief, Plaintiff requests his charges be dismissed,[2] monetary damages in the amount of $500,000, a restraining order against Defendants, and that his SLED record be erased.

---

[2] Plaintiff presumably seeks to have his sentence overturned as he admits he was sentenced on November 4, 2009. [Entry #1-2]. He nevertheless requests that the charge be "dismissed" as part of his prayer for relief.

On September 30, 2009, United States Magistrate Judge Bruce Howe Hendricks filed a Report and Recommendation [Entry #12] for summary dismissal of Police Defendants. Judge Hendricks recommended that the complaint be dismissed as to Police Defendants based on her belief that the matter of excessive bail had been rendered moot by Plaintiff's incarceration with the SCDC on the crack cocaine distribution charge for which he allegedly received excessive bail.

On November 3, 2009 Plaintiff submitted an objection explaining that, although he had recently been housed in SCDC due to a community supervision revocation, he had not yet been convicted of the crack cocaine distribution charge, and he therefore was still technically being held on bail. [Entry # 15]. As a result of this information, Judge Wooten declined to accept the Report and Recommendation of Judge Hendricks and service was made upon these Defendants. [Entry #33]. However, on November 4, 2009, Plaintiff pled guilty to the charge of Distribution of Crack Cocaine, Second Offense as charged in Warrant K-348908. [See Entry #76-2]. Upon entering his guilty plea, Plaintiff received a sentence of ten years in the SCDC custody and was given credit for his time served in the GCDC since his arrest date. *Id.*

Thereafter, Defendant McFadden filed a motion for summary judgment on January 18, 2010, followed by summary judgment motions by Defendants Anderson and Milaton ("GCDC Defendants") on February 1, 2010, and the Police Defendants on March 26, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible

consequences if he failed to respond adequately to Defendants' motions. [Entries #48, 56, 77]. Plaintiff filed responses in opposition to Defendants' motions [Entries #64, 69, 87].

II.     Discussion

   A.     Standard of Review

In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing that there is a genuine issue for trial. The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof

concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322–323.

    B.    Allegations Against Police Defendants

        1.    Injunctive Relief

Plaintiff alleges the Police Defendants violated an unspecified right by requesting his bond be set high on his crack cocaine distribution charge. Plaintiff has now pled guilty to the charge. [*See* Entry #76-2]. As previously noted, upon entering his guilty plea, Plaintiff received a sentence of ten years in SCDC custody and was given credit for the time he served at GCDC. *Id.*

As previously recognized by Judge Hendricks, an inmate's claim for injunctive or declaratory relief may be moot when the inmate challenges a condition, and later is no longer subject to that condition. *See* Entry # 12 (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–84 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 2056 (2008)). In the instant case, Plaintiff is no longer being held on the bail he complains of, but rather is serving a sentence for the conviction of the underlying charge. As such, the condition which he complained of no longer exists and his claims are moot. Because Plaintiff is no longer imprisoned at the GCDC on an allegedly excessive bond, Plaintiff does not allege a live case or controversy

against the Police Defendants. Therefore, Plaintiff's claims for injunctive relief against the Police Defendants are now moot.

2. Monetary Damages

Plaintiff was given credit toward his current sentence for his time served in GCDC. While Plaintiff was sentenced for his crime and committed to the custody of SCDC on September 4, 2009, Plaintiff's "sentence start date" was determined to be January 10, 2009, which was approximately the date of Plaintiff's incarceration at the GCDC. Thus, Plaintiff's requests for damages and injunctive relief based upon the time he spent at GCDC are barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). A favorable determination on the merits of Plaintiff's claim related to his excessive bond would imply that Plaintiff's time spent in the detention center was unlawful and that Plaintiff's sentence was invalid. Also, if this court granted Plaintiff's request to dismiss the charges against him, it would necessarily imply that the State conviction was unlawful.

Plaintiff does not allege that he has successfully obtained a reversal of his State conviction or sentence for trafficking in cocaine. Thus, Plaintiff's claims against Defendants Futch, Lewis, and Travis Anderson must fail as barred by *Heck*, and the Police Defendants are entitled to summary judgment.

  C. Deliberate Indifference to Serious Medical Need

Plaintiff appears to be asserting a claim for alleged deliberate indifference to his serious medical needs based on the following facts, which do not appear to be in dispute. The record demonstrates that Defendant McFadden received an inmate sick call request completed by Plaintiff on July 16, 2009. Plaintiff noted on the form that he was experiencing constant headaches, cholinergic urticaria, and that his face was breaking out from shaving. (*See* Med. Records at Entry #47-2). Defendant McFadden did notobserve any objective symptoms to support Plaintiff's requested use of an electric razor at the time. (McFadden Aff. at Entry #47-3). According to Defendant McFadden, cholinergic

urticaria is a common form of hives which appear in response to a rise in body temperature such as from exercise, overheating, or stress and which resolves spontaneously without need for medical treatment. (*Id.*) Plaintiff was evaluated for hives complaints by mental health personnel on July 22, 2009, (*See* Med. Records at Entry #47-2), an order for Benadryl was recommended by the mental health professional. *Id.* In response to this recommendation, the detention center physician ordered Benadryl for Plaintiff. *Id*.

Plaintiff was next evaluated by medical staff on August 5, 2009. From the medical records it appears Plaintiff acknowledged having a problem with hives for four to five years when he is feeling hot or nervous and which resolve spontaneously after a cool shower or with time. *Id*. No medical treatment was ordered at the time of this evaluation, apparently due to the spontaneous resolution of Plaintiff's hives. Although Plaintiff claims he received a medical order permitting him to take showers at any time, Plaintiff has failed to provide any evidence for this claim. (Aff. McFadden at Entry #47-3).

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately

and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). Further, negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir.1987); *see also Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct.").

Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200-03 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *see also Brooks v. Celeste*, F. 3d 125 (6th Cir. 1994) ("Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan*, *supra*, held that 'repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-109 (3rd Cir. 1990); *Smart v. Villar*, 547 F.2d 114 (10th Cir. 1976) (affirming summary dismissal).

Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). Further, a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F. 2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). Mistakes of medical judgment are not subject to judicial review in a § 1983 action. *Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Here, Plaintiff has not demonstrated a claim for deliberate indifference to his serious medical needs. Plaintiff's symptoms appear to resolve spontaneously with time. Further, Defendant McFadden referred Plaintiff for treatment, and he was prescribed Benadryl as a result. Plaintiff has not set forth any proof that Defendant McFadden was indifferent to his medical needs, nor has he proved that he sustained any injury due to a lack of treatment from Defendant McFadden. Therefore, Plaintiff has not demonstrated any genuine issues of material fact exist with regard to his claim against Defendant McFadden and she is therefore entitled to summary judgment.

D. Claims Against GCDC Defendants

Plaintiff's complains that GCDC Defendants violated his rights by denying him unlimited access to the shower. Plaintiff also complains in filings subsequent to his complaint that he is allergic to certain foods that are placed on his food tray.

1. Medical Indifference

The Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Plaintiff has not alleged that GCDC Defendants ever denied him medical treatment. Rather, Plaintiff complains that GCDC Defendants did not allow him unlimited access to the showers. Although Plaintiff claims he was "prescribed" showers as needed, Plaintiff has put forth no evidence of this claim. Therefore, Plaintiff has not demonstrated GCDC Defendants were deliberately indifferent to any serious medical need.

2. Conditions of Confinement

To the extent that Plaintiff claims he has a constitutional right to unlimited access to a shower while detained, his claim must fail. Plaintiff's unsupported allegations are insufficient to state a viable § 1983 claim. Plaintiff's condition simply does not rise to the level of a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("A detainee

simply does not possess the full range of freedoms of an unincarcerated individual.");
*Lasure v. Doby*, C/A No. No. 0:06-cv-1527, 2007 WL 1377694, *5 (D.S.C. 2007) (noting that plaintiff was "being held in a county jail facility, not a hotel"). Therefore, Defendants are entitled to summary judgment on these claims.

Plaintiff also brings claims against Defendants alleging that he has complained of allergies to mayonnaise, mustard, rice, eggs, grits, lima beans, and "full flavored peanut butter." While the record does not demonstrate that Plaintiff has, in fact, complained of allergies to all these foods, Plaintiff admits that Defendants have removed rice and mayonnaise from his plate. Plaintiff has not alleged (1) that Defendants have acted deliberately in failing to remove all foods to which he is allergic from his tray; or (2) that he has been injured by any of these foods on his tray. Therefore, Plaintiff's claim has not risen to a constitutional violation and cannot survive summary judgment.

E.   Plaintiff's Motions to Amend the Complaint

Plaintiff has also moved to amend the complaint to add an additional medical defendant.[3] Specifically, Plaintiff seeks leave to add Dr. Massey, alleging Dr. Massey saw him for the hives but did not prescribe medication. In light of the court's recommendation on the underlying claim above, Plaintiff's amendment would be futile and the undersigned therefore recommends it be denied. "[L]eave [to amend] shall be

---

[3] One of Plaintiff's motions to amend the complaint seeks to change dates of the alleged incidents. The undersigned has reviewed the relevant records and noted the proper dates accordingly.

freely given when justice so requires." Fed.R.Civ.P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001); *see also Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (holding that where an amended complaint would not survive a motion to dismiss, a district court was justified in denying a motion to amend); *Vandor, Inc. v. Militello*, 2001 WL 135818 (W.D.N.Y. 2001) (unpublished) (holding motion to amend should be denied where plaintiff failed to state any cognizable federal claim in the complaint).

III. Conclusion

For the foregoing reasons, it is recommended that Defendants' Motions for Summary Judgment be granted [Entries #47, 55, and 76] and Plaintiff's Motions to Amend the Complaint be denied [Entries #65 and 66].

IT IS SO RECOMMENDED.

*[signature]*

August 12, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**